**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-2115

ISLAND CREEK COAL COMPANY,

Petitioner,

v.

JAMES L. FIELDS; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

Respondents.

On Petition for Review of an Order of the Benefits Review Board.  (19-0316 BLA)

Submitted:  April 28, 2023                    Decided:  June 22, 2023

Before WILKINSON, KING, and RICHARDSON, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Catherine A. Karczmarczyk, John R. Sigmond, PENN, STUART & ESKRIDGE, Bristol, Tennessee, for Petitioner.  Brad A. Austin, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondent, James L. Fields.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Island Creek Coal Company (Employer) petitions for review of the Benefits Review Board's (BRB) decision and order affirming the Administrative Law Judge's (ALJ) award of benefits to former miner James L. Fields under 30 U.S.C. §§ 901-944. On appeal, Employer disputes the ALJ's finding that the evidence of record, particularly the arterial blood gas tests (ABGs) and medical opinion evidence, preponderated in favor of a totally disabling pulmonary or respiratory impairment. We deny the petition for review.

Our review is limited to determining "whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [BRB] and ALJ are rational and consistent with applicable law." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted). We review the legal conclusions of the BRB and the ALJ de novo. *Edd Potter Coal Co. v. Dir., Office of Workers' Comp. Programs*, 39 F.4th 202, 206 (4th Cir. 2022). In doing so, we must "confine our review to the grounds upon which the BRB based its decision." *E. Assoc. Coal Co. v. Dir., Office of Workers' Comp. Progs.*, 805 F.3d 502, 510 (4th Cir. 2015).

In its filings before this court, Employer specifically argues that the ALJ impermissibly relied only on the numerical superiority of qualifying ABGs when finding that the ABG evidence as a whole supported total disability. Employer also argues that the ALJ's error with respect to the ABG evidence invalidates her analysis of the medical opinion evidence regarding total disability.

"It is well established that parties to an agency proceeding must raise at the time appropriate under the agency's practice all issues which it intends to assert on appeal."

2

*South Carolina v. U.S. Dep't of Labor*, 795 F.2d 375, 378 (4th Cir. 1986) (cleaned up). This Court recently confirmed that Department of Labor regulations require issue exhaustion before the BRB. *Edd Potter Coal*, 39 F.4th at 205. Any petition for review by the BRB must "list[] the specific issues to be considered on appeal." 20 C.F.R. § 802.211(a). The accompanying brief also must "[s]pecifically state[] the issues to be considered by the [BRB]." 20 C.F.R. § 802.211(b). "Forfeiture results when a party fails to raise an issue at the appropriate time." *Edd Potter Coal*, 39 F.4th at 206; *see Armco, Inc. v. Martin*, 277 F.3d 468, 476 (4th Cir. 2002) (deeming issues not raised before BRB forfeited on appeal).

In the analogous context of an appeal from a district court order, we are "obliged on appeal to consider any theory plainly encompassed by the submissions in the underlying litigation." *De Simone v. VSL Pharms., Inc.*, 36 F.4th 518, 528 (4th Cir. 2022) (internal quotation marks omitted). "[A] party must do more than raise a non-specific objection or claim to preserve a more specific argument on appeal. Rather, to preserve an argument for appeal, the party must press and not merely intimate the argument during the proceedings before the district court." *Wards Corner Beauty Acad. v. Nat'l Accrediting Comm'n of Career Arts & Scis.,* 922 F.3d 568, 578 (4th Cir. 2019) (internal quotation marks omitted). "Variations on arguments made below may be pursued, so long as the appealing party asked both courts to evaluate the same fundamental question." *De Simone*, 36 F.4th at 528 (cleaned up). Ultimately, "the lower court [must] be fairly put on notice as to the substance of the issue," *Wards Corner*, 922 F.3d at 578 (internal quotation marks omitted), and "a

3

party may not leave the district court without any signal that it contests a fact or point of law," *De Simone*, 36 F.4th at 528 (internal quotation marks omitted).

In its petition for review before the BRB, Employer challenged the ALJ's evaluation of the ABG evidence as unsupported by substantial evidence and insufficiently explained. As Employer acknowledges, however, the BRB did not construe Employer's petition for review as raising the challenge to the ABG evidence that Employer now presents. Upon review of the agency record, we conclude that Employer's petition for review before the BRB did not fairly raise the challenge to the ALJ's reliance on numerical superiority of qualifying ABGs on which Employer now relies or provide the BRB a fair opportunity to address that issue in the first instance.[*] We therefore conclude that Employer has forfeited review of its challenge to the ALJ's evaluation of the ABG evidence. And, because Employer's challenge to the medical opinion evidence is dependent upon its challenge to the ABG evidence, we conclude that the forfeiture is dispositive of this appeal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] While Employer expressly challenged the ALJ's reliance on a purely quantitative analysis of ABG evidence when seeking reconsideration en banc by the BRB, we lack jurisdiction to review the BRB's decision to summarily deny reconsideration. *Betty B Coal Co. v. Dir., Office of Workers' Comp. Programs*, 194 F.3d 491, 496 (4th Cir. 1999).

4